**O**

1
2
3
4
5
6
7
8
9
10

# United States District Court
# Central District of California

11
12
13
14
15
16
17

ORLANDO GARCIA,

            Plaintiff,

    v.

CWI SANTA BARBARA HOTEL, LP, a
Delaware Limited Partnership, CWI2
SANTA BARBARA HOTEL, LP, a
Delaware Limited Partnership,

            Defendants.

Case № 2:21-cv-02477-ODW (KSx)

**ORDER GRANTING**

**MOTION TO DISMISS [8]**

18

## I.    INTRODUCTION

19
20
21
22
23
24
25
26
27

     On March 22, 2021, Plaintiff Orlando Garcia initiated this action against Defendants CWI Santa Barbara Hotel, LP and CWI2 Santa Barbara Hotel LP (collectively, "CWI"). Based on allegations that CWI's hotel reservations website lacks sufficient accessibility information, Garcia asserts two causes of action: (1) violation of the Americans with Disabilities Act ("ADA") and (2) violation of the Unruh Civil Rights Act ("Unruh Act"). CWI moves to dismiss Garcia's complaint for failure to state a claim. (Mot. to Dismiss ("Motion" or "Mot."), ECF No. 8.) For the reasons discussed below, the Court **GRANTS** CWI's Motion.[1]

28

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

Garcia has physical disabilities and uses a wheelchair for mobility.  (Notice of Removal ("NOR") Ex. 1 ("Compl.") ¶ 1, ECF No. 1.)  In December 2020, Garcia planned to travel to the Santa Barbara area and went online to book a room at one of CWI's hotels.  (*Id.* ¶¶ 12–16.)  Garcia alleges that, while trying to book an accessible room for the trip, he was unable to make the reservation due to insufficient accessibility information on the hotel's website.  (*Id.* ¶ 18.)

CWI's reservation website provides information regarding the accessible features, facilities, and areas of the hotel, as well as whether a guest room type is accessible.  (*See* CWI Req. Judicial Notice ("RJN") Exs. 1–2, ECF No. 8-2.)  The reservation website describes the accessible rooms as "[m]obility-accessible guestrooms," with "[r]oll in showers," "[b]athtub grab bars," "[t]ransfer showers," "[a]djustable height hand-held shower wand," "[t]oilet seat at wheelchair height," and "[n]on-slip grab bars in bathroom."  (*Id.* Ex. 1.)  Garcia claims this information is insufficient and makes it difficult for him to assess whether the room actually suits his accessibility needs.  (Compl. ¶ 18.)  He seeks greater detail specifically regarding the toilet seat height, grab bars at the toilet, clearance and plumbing wrap under the bathroom sink, mirror height, shower type, height of mounted shower amenities, toe and knee clearance at the bedroom desk, bedside transfer clearance, and door widths for all doors in a given guestroom.  (*Id.* ¶¶ 18–22.)  He asserts "[t]his small list of items are the bare necessities" that he "must know" to determine whether an "accessible" hotel room will work for him.  (*Id.* ¶ 23.)

## III.    LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*,

---

[2] All factual references derive from the Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.      JUDICIAL NOTICE

In connection with the Motion, CWI requests the Court take judicial notice of several documents, including images of CWI's "Accessibility" section on its website

home page and an accessible hotel room description on the reservation site.  (RJN ¶¶ 1–2, Exs. 1 ("Accessibility"), 2 ("Accessible Room Description").)

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts may also take judicial notice of "publicly accessible websites."  *In re Yahoo Mail Litig.,* 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014); *see also Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) (finding district court correctly considered publicly-available websites where "Plaintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint").

Here, Exhibits 1 and 2 are publicly accessible webpages on which Garcia relies in his Complaint; they are directly related to matters at issue in this case.  Garcia does not dispute that the Exhibits accurately reflect the information available on the hotel reservation website.  Thus, the Court considers Exhibits 1 and 2 as judicially noticed and incorporated by reference.  The Court denies CWI's request for judicial notice as to the other proffered documents, as the Court does not rely on them to resolve this Motion.

## V.    DISCUSSION

Garcia asserts two causes of action against CWI: for violation of 28 C.F.R. section 36.302(e) ("Reservations Rule") under the ADA, and for violation of the Unruh Act.  (*See* Compl. ¶¶ 30–37.)  As discussed below, Garcia fails to state a claim against CWI for violation of the Reservations Rule and the Court declines to exercise supplemental jurisdiction over his Unruh Act claim.

## A.    Americans with Disabilities Act (Claim One)

Garcia contends CWI's reservation system violates the Reservations Rule of the ADA by failing to describe its accessibility information with enough specificity to allow him to make an informed choice about whether the room suits his particular needs.  (*See generally id.*)  Specifically, Garcia points to a lack of information regarding bedside

transfer clearance, knee and toe clearance at the desk, toilet seat height, toilet grab bars, sink knee clearance, wrapped sink plumbing, shower type, and door widths.  (*Id.* ¶¶ 19–22.)  CWI contends its website complies with the ADA, as interpreted by the Department of Justice's 2010 guidance ("DOJ 2010 Guidance").  (Mot. 7–10.)

The relevant portion of the ADA states, "a place of lodging shall . . . [i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R § 36.302(e)(1)(ii).  The DOJ 2010 Guidance analyzes this section and clarifies that "a reservations system is not intended to be an accessibility survey," and that, "[b]ecause of the wide variations in the level of accessibility that travelers will encounter[,] . . . it may be sufficient to specify that the hotel is accessible" and provide basic facts about each accessible room.  *Id.*  The DOJ 2010 Guidance goes on to provide, "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient . . . , for each accessible room, to describe the general type of room . . . , the size and number of beds . . . , [and] the type of accessible bathing facility." 28 C.F.R. § Pt. 36, App. A, Section 36.302(e) Hotel Reservations.

CWI's reservations website satisfies the articulated standard.  CWI lists on its website the hotel's accessibility features and types of available accessible hotel rooms. The Accessibility features list the different types of accessible bathing facilities (roll in showers and transfer showers, with adjustable height hand held shower wand), indicates that accessible guestroom toilet seat height is standard wheelchair height, and notes that guestroom bathrooms include non-slip grab bars.  (*See* Accessibility.)  Additionally, the room description lists the room as "mobility accessible," includes the type of room with size and number of beds (i.e., Garden View, 1 King), and the type of accessible bathing facility ("This room type offers accessible rooms with roll in showers.").  (*See* Accessible Room Description.)  Thus, based on the allegations in Garcia's Complaint and the judicially noticeable documents, and construing all reasonable inferences in

1   Garcia's favor, the Court finds that the descriptions provided on CWI's website are
2   sufficient to comply with the ADA.  Accordingly, Garcia has not alleged plausible
3   entitlement to relief.  *Iqbal*, 556 U.S. at 678.

4          Garcia argues that merely stating something is "accessible" is conclusory and
5   does not provide enough information for an independent assessment, particularly when
6   it comes to the specific information that is important to him, such as toilet grab bars and
7   sink compliance.  (*See* Compl. ¶¶ 18–19.)  However, courts have found that describing
8   something as "accessible" is sufficient because "accessible" is a term of art used by the
9   ADA Accessibility Guidelines to describe ADA-compliant facilities.  *See Garcia v.*
10  *Gateway Hotel*, No. CV 20-10752-PA (GJSx), 2021 WL 936176 at *4 (C.D. Cal.
11  Feb. 25, 2021) (collecting cases) (finding the use of term "accessible" is not conclusory
12  because it means that those features of the hotel comply with ADA guidelines), *appeal*
13  *filed*, No. 21-55227 (9th Cir. Mar. 10, 2021).  The Court agrees that "stating that the
14  room is 'accessible' by definition means that the room complies with the ADA
15  requirements."  *See id.*

16         Accordingly, the Court concludes that CWI's website complies with the ADA
17  and the Reservation Rule as a matter of law and, therefore, Garcia fails to state a claim
18  for violation of the ADA.  As the Court finds CWI's website ADA-compliant, any
19  amendment would be futile and the Court **DISMISSES** the ADA claim with prejudice.

20  **B.     Unruh Civil Rights Act (Claim Two)**

21         A district court "'may decline to exercise supplemental jurisdiction' if it 'has
22  dismissed all claims over which it has original jurisdiction.'"  *Sanford v. MemberWorks,*
23  *Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).  "[I]n the usual
24  case in which all federal-law claims are eliminated before trial, the balance of factors to
25  be considered under the pendent jurisdiction doctrine—judicial economy, convenience,
26  fairness, and comity—will point toward declining to exercise jurisdiction over the
27  remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7
28  (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a

district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Garcia's ADA claim provided the only basis for original jurisdiction. As the Court has dismissed Garcia's ADA claim, it declines to exercise supplemental jurisdiction over his remaining state law claim. Accordingly, Garcia's second cause of action is **DISMISSED** without prejudice.

## VI.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** CWI's Motion to Dismiss. (ECF No. 8.) The Court **DISMISSES** the ADA claim with prejudice. The Court declines to exercise supplemental jurisdiction over the Unruh Act claim and **DISMISSES** that claim without prejudice. The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

August 24, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**