O

# United States District Court
# Central District of California

| | |
|---|---|
| ORLANDO GARCIA,<br><br>              Plaintiff,<br><br>     v.<br><br>CWI SANTA BARBARA HOTEL, LP, et al.<br><br>              Defendants. | Case № 2:21-cv-02477-ODW (KSx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS' MOTION FOR ATTORNEYS' FEES OR SANCTIONS [25]; AND DENYING PLAINTIFF'S MOTION TO RETAX COSTS [34]** |

## I.    INTRODUCTION

Defendants CWI Santa Barbara Hotel, LP and CWI 2 Santa Barbara Hotel, LP (collectively "CWI") move to recover attorneys' fees, or in the alternative sanctions, against Plaintiff Orlando Garcia, in the amount of $14,970.20. (Mot. Att'y Fees or Sanctions ("Mot. Fees"), ECF 25.)  Garcia moves to retax costs of suit against CWI. (Mot. Retax Costs ("Mot. Costs"), ECF No. 34.)  For the reasons discussed below, the Court **GRANTS** CWI's motion in part and awards CWI $13,780.20 in attorneys' fees, **DENIES** CWI's motion in the alternative for sanctions, and **DENIES** Garcia's motion to retax costs.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

CWI owns and operates The Ritz-Carlton Bacara hotel ("The Ritz-Carlton"). (Notice of Removal Ex. 1 ("Compl.") ¶¶ 2, 13, ECF No. 1.) Garcia initiated this action against CWI alleging that The Ritz-Carlton's hotel reservations website lacked sufficient accessibility information, in violation of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). (Compl. ¶¶ 30–37.) On August 24, 2021, the Court granted CWI's Motion to Dismiss, dismissing Garcia's ADA claim on the merits with prejudice, and declining to exercise supplemental jurisdiction over and dismissing the Unruh Act claim without prejudice. (Order Granting Mot. Dismiss ("Order") 7, ECF No. 20.) Specifically, the Court found that the description of an "accessible room" on The Ritz-Carlton website was compliant with ADA requirements. (*Id*. at 6.)

Garcia brought virtually identical lawsuits against many other hotels regarding accessibility information on the hotels' websites. Nearly all of those cases have been dismissed by district courts. (*See* Mot. Fees 2 n.1, Ex. 1 ("Dismissed Website Accessibility Cases") (listing dozens of similar cases dismissed against Garcia).) In light of the abundance of nearly uniform dismissals, CWI contends this suit was frivolous, vexatious, unreasonable, and brought in bad faith. (Mot. Fees 12–18.) Thus, CWI moves for attorneys' fees under the ADA, or alternatively, as sanctions. (*Id*. at 20.) CWI also applied to the Clerk to tax costs against Garcia, which application the Clerk approved in the amount of $419.20. (Appl. Clerk Tax Costs, ECF No. 26; Bill of Costs, ECF No. 33.) Garcia moves to retax those costs against CWI. (Mot. Costs.)

## III. LEGAL STANDARD

The ADA provides that, at the court's discretion, a prevailing party may recover "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. "When the prevailing party is the defendant, attorneys' fees should be awarded only if 'the plaintiff's action was frivolous, unreasonable, or without

foundation.'" *Garcia v. Guadalupe Alcocer & Digit. Currency Servs., Inc.,* No. CV 08419-VAP (JEMx), 2022 WL 495051, at *1 (C.D. Cal. Jan. 19, 2022) (quoting *Brown v. Lucky Stores,* 246 F.3d 1182, 1190 (9th Cir. 2001)). "The purpose of awarding fees to a prevailing defendant is 'to deter the bringing of lawsuits without foundation.'" *Id.* (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 432 (2016)).

## IV.   DISCUSSION

CWI contends it is entitled to attorneys' fees under the ADA because this action was frivolous, vexatious, groundless, and filed in bad faith. (Mot. Fees 12–18.)[2]

### A.   Frivolous, Unreasonable, or Groundless

"A[n] [ADA] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). Under the ADA, attorneys' fees are appropriately awarded to a prevailing defendant where a plaintiff pursues a frivolous or "burdensome litigation having no legal or factual basis." *Whitaker v. 370 N. Canon Drive, LP*, No. 2:19-cv-02918-CJC (GJSx), 2020 WL 6130139, at *1 (C.D. Cal. Oct. 8, 2020) (quoting *Christiansburg*, 434 U.S. at 420), *aff'd*, No. 20-56068, 2021 WL 4892168 (9th Cir. Oct. 20, 2021). Generally, a case may be "deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotation marks omitted); *see also Amphastar Pharms. Inc. v. Aventis Pharma SA*, No. EDCV-09-0023 MJG, 2017 WL 10543563, at *8 (C.D. Cal. Nov. 20, 2017) (finding the plaintiff's claim frivolous because the plaintiff "had no reasonable foundation on which to bring the suit" and "knew or should have known that the Court would not have jurisdiction"). Courts may consider a plaintiff's litigation history to

---

[2] CWI alternatively moves for sanctions under Federal Rule of Civil Procedure ("Rule") 11 and 28 U.S.C. § 1927. (Mot. Fees 20–25.) The Court does not reach the question of sanctions because it finds attorneys' fees warranted under the ADA.

determine whether an action was frivolous or unreasonable. *See Guadalupe Alcocer*, 2022 WL 495051, at *3; *Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS (MSB), 2021 WL 120899, at *3–4 (S.D. Cal. Jan. 13, 2021) (finding that filing lawsuits the plaintiff knows will be dismissed is frivolous, unreasonable, and groundless).

Here, the Court dismissed Garcia's action for failure to state a claim for violation of the ADA. (Order 7.) Dismissal for a failure to state a claim does not by itself make a claim frivolous or unreasonable. However, Garcia's litigation history as a whole supports the conclusion that this action was frivolous.

That litigation history demonstrates that Garcia knew that merely describing a hotel room as "accessible" is legally sufficient to support ADA compliance. Specifically, Garcia has filed numerous complaints against hotels asserting claims that are similar if not identical to those in this action. For example, in February 2021, Judge Percy Anderson of the Central District of California dismissed Garcia's action against Gateway Hotel, L.P. for failure to state a claim that Gateway's website violated the ADA. *See Garcia v. Gateway Hotel L.P.*, No. 2:20-cv-10752-PA (GJSx), 2021 WL 936176, at *5 (C.D. Cal. Feb. 25, 2021). Garcia's allegations in that case are markedly similar to those in his Complaint filed in this action. (*Compare* Compl. ¶¶ 1, 12–29,) *with Gateway Hotel,* 2021 WL 936176, at *1–2. The court in *Gateway Hotel* dismissed Garcia's complaint long before CWI moved to dismiss in this case, providing Garcia ample opportunity to correct the same deficiencies here.

In April 2021, Judge John A. Mendez in the Eastern District of California dismissed Garcia's substantially similar action against E.L. Heritage Inn of Sacramento LLC, where Garcia yet again alleged the same ADA violation based on the hotel's website. *See Garcia v. E.L. Heritage Inn of Sacramento, LLC*, No. 2:20-cv-02191-JAM (AC), 2021 WL 1253346, at *1–2 (E.D. Cal. Apr. 5, 2021). Also in April 2021, Judge George H. Wu in the Central District of California dismissed Garcia's similar action against WH Manhattan Beach, for failure to state the

same ADA claim concerning the hotel's website. *Garcia v. WH Manhattan Beach L.P.*, No. 2:20-cv-11698-GW (JEMx), 2021 WL 4260661, at *1–2, *6 (C.D. Cal. Apr. 29, 2021).

Those lawsuits were all dismissed by detailed orders, based on the same specific reasoning that the hotels in question did not violate the ADA because their respective websites provided for "accessible" rooms, which by definition means ADA-compliant. Specifically, those dismissal orders cite the Department of Justice's 2010 guidance on compliance with the ADA for hotel reservations (the "DOJ 2010 Guidance"). "Because of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible" and provide basic facts about accessible rooms. *WH Manhattan Beach*, 2021 WL 4260661, at *4, *5 (quoting DOJ 2010 Guidance); *see also Gateway Hotel*, 2021 WL 936176, at *4 (same); *E.L. Heritage Inn*, 2021 WL 1253346, at *2 (same). Thus, Garcia was on notice of the DOJ guidelines and the policies cited therein, and knowingly filed multiple actions in direct contradiction to those policies.

Additionally, Garcia knew or should have known that this case would also be dismissed for failure to state a claim, like the other dismissed cases, because the dismissals in those cases notified Garcia of the law regarding ADA hotel reservation website requirements. Nevertheless, Garcia continued to use litigation to baselessly target hotel websites that are ADA-compliant. The many dismissals Garcia has suffered from multiple courts provided him with notice that, if he presented the same claims for the same issues, following the same fact patterns and without additional support, then the action would be dismissed. Yet, Garcia proceeded to do so, inflicting needless burdens on the courts.

Garcia's conduct of filing meritless lawsuits against hotels with ADA-compliant websites convincingly demonstrates that the present action is both frivolous and unreasonable. *See Strojnik*, 2021 WL 120899, at *4 (finding the action frivolous because the plaintiff filed numerous unsuccessful lawsuits with similar

allegations and therefore should have known that additional actions based on the same allegations would be dismissed for the same reasons). Accordingly, the Court concludes that CWI is entitled to attorneys' fees under the ADA.

**B.     Reasonable Attorneys' Fees**

CWI seeks $14,970.20 in attorneys' fees. (Mot. Fees 25.) This figure is based on CWI's attorney having worked 23.16 hours at a rate of $595/hour, plus an anticipated additional two hours of work related to the fee motion. (*Id.* at 20.) For the following reasons, the Court finds CWI is entitled to $13,780.20 in attorneys' fees for the 23.16 hours already worked but is not entitled to recover for the anticipated two additional hours.

In ADA cases, courts calculate attorneys' fees using the lodestar approach. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Whitaker*, 2020 WL 6130139, at *4 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Once the court has calculated the lodestar, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted). However, there is a strong presumption that the lodestar figure represents a reasonable fee. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65 (1986)).

*1.     Reasonable Rate*

The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*,

132 F.3d 496, 500 (9th Cir. 1997). The established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 502. The district court may rely on its own knowledge of customary rates and its familiarity with the legal market in determining a reasonable and proper fee. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, CWI's attorney, Philip Stillman, requests a rate of $595 per hour. (Mot. Fees 19–20; Decl. Philip Stillman ("Stillman Decl.") ¶¶ 8–9, 12, ECF No. 25-2.) Garcia does not challenge the reasonableness of this rate. (Opp'n Fees 5, ECF No. 30.) This Court recently approved $595 per hour for Attorney Stillman under nearly identical circumstances and sees no reason to deviate from that approval. *See Garcia v. Apple Seven Servs. SPE San Diego, Inc.*, No. 2:21-cv-00841-ODW (PVCx), 2022 WL 837419, at *4 (C.D. Cal. Mar. 21, 2022). Accordingly, the Court finds that $595 is a reasonable hourly rate.

*2.   Reasonable Hours*

In determining the reasonableness of the hours expended, the Court must examine the requesting attorney's time records to determine whether the hours claimed are adequately documented and whether any are unnecessary, duplicative, or excessive. *See Hensley*, 461 U.S. at 433–34. The Court, due to its familiarity with the case, is in the best position to evaluate the reasonableness of the hours requested. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

Here, CWI requests attorneys' fees for a total of 25.16 hours worked. (Stillman Decl. ¶ 12.) In support of this total, Attorney Stillman provides an invoice with a breakdown of 23.16 hours worked from March 9, 2021, to September 21, 2021. (*Id.* Ex. 1 ("Invoice").) The Invoice includes time spent communicating with CWI, removing the case from state court, preparing the motion to dismiss and the instant motion for attorneys' fees, and other necessary tasks completed in defense of this case. (*See* Invoice.) Moreover, the Invoice adequately describes each task, the relevant

dates, and the amount of time expended per task. (*Id.*) Attorney Stillman even notes that, because he has "so many of these cases," the number of hours he spends preparing briefs and motions is significantly fewer than would otherwise be required. (Stillman Decl. ¶ 11.) Although Attorney Stillman has litigated many ADA cases, and the briefs and motions filed in this case may be similar to filings in his other cases, the Court finds none of the tasks listed in the Invoice are duplicative, unnecessary, or excessive. The time expended on each task is reasonable. Thus, the Court finds the 23.16 hours expended on this case reasonable.

Attorney Stillman also requests an additional two hours for work he "anticipate[d]" to prepare a Reply memorandum and prepare for a hearing on the Motion. (*Id.* ¶ 13.) However, Attorney Stillman did not submit a declaration to support any time spent preparing CWI's Reply, which in any event is poorly recycled. (*See* Reply Fees 3, 6, 7, ECF No. 31 (misidentifying the parties).) And the Court did not hold a hearing. (*See* ECF No. 32 (vacating hearing and taking motion under submission without oral argument).) Accordingly, the Court disregards the requested additional two hours.

Multiplying the 23.16 hours spent by the reasonable hourly rate of $595, the Court awards CWI a total of $13,780.20 in attorneys' fees.

**C.    Costs**

On CWI's application, the Clerk taxed $419.20 in costs against Garcia. (*See* Bill of Costs.) Garcia moves to retax those costs against CWI. (Mot. Costs.)

Rule 54(d) and the ADA both provide that a prevailing party may recover its costs of suit. *See* Fed. R. Civ. P. 54(d)(1); 42 U.S.C. § 12205. Under Rule 54, unless federal law or a court order provides otherwise, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A federal statute "provides otherwise" if its provisions are "contrary" to Rule 54(d)(1), i.e., where the federal statute limits the court's discretion to award costs. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Under the ADA, fees and costs are treated in parallel, meaning costs may be

awarded to a prevailing defendant under the same circumstances as fees, where the plaintiff's action was frivolous, unreasonable, or without foundation. *See Brown*, 246 F.3d at 1190.

The Court need not address whether the ADA's cost-shifting provision is "contrary" to Rule 54(d)(1) or whether *Marx* impliedly overruled *Brown*. (*See* Mot. Costs 1; Opp'n Costs 2–4, ECF No. 35; Reply Costs 1–2, ECF No. 36.) The Court has already found this action frivolous and unreasonable, as discussed above. Accordingly, the Court finds the Clerk's award of costs to CWI was warranted under the ADA and Garcia's motion to retax costs is denied.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART AS MOOT** CWI's Motion for Attorneys' Fees or Sanctions. (ECF No. 25.) The Court **GRANTS** CWI's motion and orders Garcia to pay $13,780.20 in attorneys' fees. The Court **DENIES AS MOOT** CWI's alternative motion for sanctions. Finally, the Court **DENIES** Garcia's Motion to Retax Costs. (ECF No. 34.)

**IT IS SO ORDERED.**

March 30, 2022

_____
         **OTIS D. WRIGHT, II
  UNITED STATES DISTRICT JUDGE**